Good morning, Your Honors. Martín Guajardo on behalf of Miguel Martinez Dominguez. The case today I think we can look at from the standpoint of should a non-citizen who has been convicted of a simple drug offense and placed on probation be permitted to stay here until his probation has been completed in order to be afforded the benefit under the Federal First Defenders Act. I think that if we take a look at Chavez Perez, I think that we necessarily have to sidestep the question of is he going to be able to stay here long enough to be able to make an application after his probation is over. If we look at the cases beginning with Gabardine Manrique, we look at Dujan, certainly I think we're required to assess the question before the immigration judge and now before this individual who has the availability of that particular relief. He's been convicted of a simple possession. It's his first time. He's never been given that relief previously. And now that relief may be available to him or there's been a deferred adjudication. And it's that deferred adjudication for that relief or the alternative for that relief may be available to him upon the completion of probation. So how do we write the rule? You say we should sidestep Chavez Perez, but in Chavez Perez, if I remember correctly, the crime was more serious, was it not? I think it was a felony under Oregon law. A class C felony. So would your distinction here be notwithstanding the rule that a conviction for a drug offense would normally bar relief, that we would distinguish it on the basis of the seriousness of the underlying drug offense? So that for simple possession, which I think here is a misdemeanor, is it not? Or is it a felony conviction under California law? Here we have under the influence. Which is presumably a misdemeanor? Correct. Okay. So we have under the influence. And I think that I think that Chavez Perez, we need to shore it up a little bit because I think what what we've done now is we've maybe gone afield from what was intended in Lujan and what was intended in the board's decision in Manrique and what was intended in Gabardine. And that is, are we really looking at someone whose conduct, simple possession conduct, are we looking at that individual as being treated differently simply because he has a deferred adjudication as opposed to being able to go back and get a 12 and obtain a 1203.4 in expungement? Or should we be looking at that conduct from the standpoint of the Federal First Offenders Act and simply saying, well, this conduct falls within those parameters, those four items that we look at? Chavez Perez was concerned with a slightly different problem, and that is the fact that unless and until expungement is obtained under the Oregon law, that felony conviction stands for all purposes. He is a convicted felon. And Oregon doesn't follow the practice of some other states, which defers the entry of a finding of guilt and allows the defendant through good behavior to serve a period of, in essence, probation, which at the end of the period, if he satisfactorily serves it, the case is dismissed and it is never considered a conviction. It almost seems that what we're looking at is should we be governed by the vagaries of the each individual state statute the way it's written, or should we be governed in this instance by what is provided under the Federal First Offenders Act? But to do it the way you're urging us would be to just adopt a different variation, which would be to declare that notwithstanding that some states consider it a conviction until expunged, for our purposes we'll treat it as if it were a deferral. And the only problem I have with that is that not everybody satisfactorily completes the period of deferral, and therefore they don't get the relief under either method of expungement. But is there really a distinction in those, or have we put them in the same basket? In other words, the original problem, the fact that Congress said that if you're convicted of a drug offense, that is a debilitating factor for purposes of relief from deportation or removal? Absolutely. And then we narrowed, focused in, and we said there's a very narrow exception, and this is going to be the narrow exception if these are the items that you have. And we're all aware of those four. And so I imagine the question then becomes, if you look at this language and it's in the disjunctive, are we looking at the deferred adjudication versus the making an application for 1203.4 in California in order to obtain an expungement? Is that substantively different in some ways? Is there something that the noncitizen would have to go out and bring to the, if you will, to the immigration proceedings? Or once you look at the conduct, you recognize that this falls within that category, that you'd be able to say, well, okay, we need to wait. But my memory is a little hazy on this. Even under the Federal First Offender Statute, you still have to satisfactorily complete the one-year period, do you not? Yes. So that if you slip and you commit another offense and the court refuses to dismiss the charge, then the conviction remains and you're not eligible for treatment under the Federal First Offender Statute, and it is forevermore a conviction. And I think the same would happen under the state scheme, and that is the individual is on probation, whether it's deferred adjudication or whether it would be under the, that he's on probation. He's pled, he's on probation, and he's required for that period of probation not to be arrested, not to have any other convictions. Otherwise, if he does, then if you're going to go back into court, there will be a violation of probation and you'll have whatever brought him to the courthouse steps a second time. I mean, the only problem I have with your argument is that it requires us to grant relief from the immigration consequences of his original misconduct before he has qualified for that relief under Federal law. But aren't... He might not make it. I mean, the problem is that we have to have some assurance that he will. But aren't we doing the same when we look at a case and it's a deferred adjudication of guilt? Aren't we doing one and the same? Not, not, it seems to me, if we treat the conviction for immigration purposes as a valid conviction until he qualifies. My, my understanding of it... It's the anticipatory nature of the relief that you're requesting that I have some trouble with because we don't know what's going to happen in the future. That's the whole problem with these cases. In this instance, the Court had asked for us to respond to give an indication as to what's happened with that 1203.4. At the State... There was a representation in your brief that a petition had been filed or something. That is correct. What's the status? The status is it was... We've gone ahead and refiled it back over at the Court, State Court. In fact, we just did it this week. And the reason for it, the reason it couldn't be acted upon is he still has not completed the probation. But I wanted to have that at least... Has he completed probation today? He will not complete probation until the year 2008. They're just not going to act on it until he completes probation, correct? That's my recollection of how it worked. The State Court would be amenable to a order or a motion for an order shortening probation. Terminating probation. Terminating probation, shortening and terminating probation. Have you made such a motion? Once again? Have you made such a motion? We just filed the 1203. Terminating probation? We had to first put the petition back on track, and we were set for a hearing on March 10th. Now that we just received that yesterday, so we'll go ahead and proceed. And when would you anticipate that you would, that your motion to terminate would be heard? I would say we would probably have some disposition within 90 days. I mean, just because the practical consideration someone has to retrieve the file and get us back on calendar, even if we were able to get back in front of the Court on... It would help if that had happened a little earlier, but you are now actively pursuing it. We are, Your Honor. What do we do with our case law that says that we're bound by the record that was before the board when it acted? I think that there's still a way to harness these cases that are before the agency. I think that we – I think Lujan and I think we have a number of cases. Be remanded to the board if there were new developments since the board created its record? Yes. Wouldn't the – is that it, or would the relief be you'd have to move initially in the board to reopen based upon the new developments? I think we have some practical issues. One, the petitioner has been removed from the United States. He was removed after the board's decision, so he is no longer in the United States. We would – the case would necessarily have to stay here until he is brought back into the United States. Once he's here, then I think it would be appropriate to... Without regard to whether he's here or not, I guess I'm really asking a Ventura question. What gives us the authority to remand to the board if our case law says we have to make the decision based on the record that was before the board at the time it ruled? You would argue there are new developments, and it seems to me that the answer is you petition to reopen. Are you saying the board would automatically deny it because he's been removed? So there's no practical way to get relief from the board? I think as a practical matter that occurs, but I think this circuit has dealt with that particular issue in Wietersburg. In Wietersburg, I think the – we haven't cited a response to the question. I think Wietersburg essentially puts us in a position where someone who's already been removed from the United States, you come back and the conviction is set aside at the state court. What happens at that point? Can the individual – would you be properly back before the board or here? And I think that it would require us to notify them that there's been a change in the status of that conviction. You know, you never know. You could get it termination – probation terminated and the petition granted, and maybe the government would stipulate to a remand, but those – that's all very problematic. So would the court – I think that those are certainly, from a practical standpoint, very significant issues for us. The question would be whether we can look at Martinez-Dominguez as that case that allows the court to recognize the precedent that prior to – prior to Chavez-Perez and clarify that notwithstanding that an individual in California, for example, who would have to file a 1203.4 petition in order to gain the benefit, that there is no – that we should follow Lujan, that we should follow Gabbardine, that we should recognize that. All those cases that the expungement had been granted, had it not, isn't that the big difference? I mean, the real – the nub of the problem here is the fact that he hasn't yet been afforded the relief that you hope he will be able to qualify for, whereas in those other cases, the petitioner had, and expungement had been ordered. Breyer. What good is the remedy that's afforded under the Federal First Offenders Act? What good is that remedy if you cannot only get the remedy under the First Offenders Act if you satisfactorily complete the one-year period? The fact that on day one of the 365 days you might be entitled to Federal First Offender treatment and it still requires you to serve the other 364 without violating the provisions of the deferral. But at this point, the one year has already passed in this case, if we look to the date of the conviction. If we look to the date of the conviction in today's date. But it's a State conviction. I mean, part of the problem is you're arguing by analogy, but you're arguing based on a State conviction as opposed to a Federal conviction under the FFOA. It appears that unless we're willing to look at that language of under the Federal First Offenders Act and recognize that you can have deferred adjudication and that you can, after the completion of probation, be able to come back, unless we're able to look at that language and say an individual should, the agency should forego prosecution for deportation purposes or removal purposes until such time as that period of probation is completed, we've essentially begun to treat individuals differently depending on what State they came from. But Chavez-Perez and other cases have, you're making an equal protection argument and we've rejected that argument. That's not a violation of equal protection. But I think that what we, the Court in Gaberdine, as well as Lujan, we recognize that that, the availability of the protection under FFOA, Federal First Offenders Act, that that protection is still there, notwithstanding that the probation has not been completed. Chavez-Perez, I think, put a roadblock, if you will, by attempting to disengage the availability of someone who could obtain the relief. But Chavez-Perez would not have been entitled, even under the Federal First Offender Act, to relief because of the nature of his conviction, which was a felony. So in this instance... So what does that mean as far as the part of the decision that says that the expunction has not yet occurred if he wouldn't have been eligible anyway? I'm not making the argument. I'm just asking somebody in your party. I'll be happy to talk to you about that later. Familiar with his opinion, unfortunate opinion. Thank you. Thank you. Good morning. May it please the Court. My name is Melissa Nyman-Kelting, and I represent the Attorney General of the United States. I think a lot has been brought out in Petitioner's argument, and I would like to bring the Court's focus back. Let me ask you, since we don't – so we don't lose track of... The point just... Because Chavez-Perez seems to me to be the most significant case. It's the Government's position that Chavez-Perez is dispositive of this case. And to... So my question to you is, if that was a felony where expungement would not have helped anyway, and the Court said that, does that mean the portion of the opinion dealing with whether an expungement has been obtained or not, does that make a victim, since it would have been irrelevant? Respectfully, Your Honor, I did not read Chavez-Perez that way. He was convicted for first-time simple possession under Oregon law, and the Federal First Offender Act does deal with first-time simple possession. So I respectfully believe that the decision was based more on the fact that he did not have the expungement. There was no alternate finding that even if it had been expunged, he wouldn't be eligible under the Federal First Offender Act because of the nature of his conviction. I think the issue precluding Chavez, the Petitioner in that case, was the fact, as just in the instant case that the Court has before it today, that he doesn't have the expungement. This isn't a deferred adjudication. This is an expungement statute. The conviction hasn't been expunged. The Court has already found that there's no equal protection violation, that the agency is authorized to execute removal orders at the time, at the facts of the time that the order comes out. And we, the Respondent, feels that the decision in Chavez-Perez is controlling in this case. And respectfully, Your Honor. Does the agency ever defer initiating these kinds of removal proceedings? See, this occurred. The problem here is that, as I recall from the record, he was, he was, he married. Yes, Your Honor. And he was seeking an adjustment of status, and he didn't qualify for that because of the conviction. That's exactly right. But in those circumstances, where somebody, where an alien is married, and, you know, similar to what we have here, does the agency ever defer initiating adjudication proceedings? My understanding, Your Honor, is that the agency does have what's akin to prosecutorial discretion as far as whether they choose to initiate removal proceedings or not. Doesn't look like they ever, doesn't look like they exercise it in a very meaningful way. Well, in this case, Your Honor, the individual also had a second charge of removability. It's important to note that he was also charged with overstaying his visitor's visa by a significant period of time. So there were two bases for the removal order, not just the controlled substance offense. Moreover, while he did bring up the adjustment of status in an attempt to renew that before the immigration judge, he did not raise the issue of Federal First Offender Act relief before the I.J. He did raise it before the board, but he never challenged the immigration judge. Did the I.J. tell him that he might be eligible for relief under the First Offender Act? No, it was not. I reviewed the record before the I.J., and there was no discussion of Federal First Offender Act or any other kind. The I.J. went through all the other kinds of relief under the immigration laws, such as cancellation, adjustment, and found that the controlled substance offense precluded him from eligibility. There is a point at page 90 of the record where the I.J. asks if there's anything else that the Petitioners wanted to raise to as far as relief or anything else to bring up, and he did not. As I said, he did bring up the issue. He is married to a U.S. citizen, correct? As far as I know. The record says that. And do they have any citizen children? I believe that they had one citizen child. Petitioner's counsel can correct me if I'm wrong, but I believe they have one citizen child. But the point in this case is that the court's case law. Let me ask you this, just practically speaking, and I'm just, you know, I don't understand all the minutia of how this system really works, but what can be done to reunite the family? In this particular case? Yes. They could go join him wherever he is, right? Is that it? That would be one option. So the U.S. citizen wife and child have to move, leave the country in order to reunite the family? Well, Your Honor, there are oftentimes unfortunate circumstances with the situation that these individuals often find themselves placed in, and here he had a controlled substance conviction. Yeah, but there are unfortunate circumstances if nothing can be done. I'm just asking, my question was, was there anything that can be done to reunite this family here in the United States? At this point, Your Honor, from my understanding, because of his removal order that has been executed, at this point, because his conviction has not been expunged, he remains convicted for a conviction. Let me ask you this. What if his conviction is expunged? Well, I would again go back to this Court's decision in Chavez-Perez, and I believe it's footnote 7. The Court makes a point of saying that in that case, which is very similar, where the Petitioner was saying, hey, look, I might get this expungement once I'm done with my probation. I can try to get this conviction expunged. This Court found that at that point, it would be outside the record that had been before the BIA, and the Court would not be able to consider it. No, it says we can't. But the question was not can we do anything, but what can be done. Could he, for example, let's say it was expunged. Let's say he wasn't out of the country. Could he ask to reopen the board decision, or is it too late? Let me make sure I understand your question. The hypothetical is the conviction has been expunged. He remains in the country. Yes. Then at that point, I would assume that he could. And is the case before this Court, or are we still? No, not anything. Can he go to the board and ask for any action? My understanding of the remedy would be then to attempt to reopen. He could move to reopen before the board. And he wouldn't be too late? The special circumstances. The board, in its discretion, could find. Now, is he barred from doing that because he's been removed? Because he's been removed, so my understanding is that he cannot move to reopen before the board, because it's an unfortunate situation in this case, but it's a matter of timing. Here, he has not gotten the expungement. He has been properly removed for two removal charges, both his visa overstay and his controlled substance conviction, which has not been expunged. Okay. If he were back in the United States, he could apply. But is it because he's out of the country, or is it because the order has been executed? My understanding, and I can check this and get back to you if you, if the Court would like, but my understanding is that it is because the order has been executed and he's been removed properly from the United States. And that creates a bar to his reentry. Well, that, yeah, that creates a bar to reentry. Even, could he be paroled into the country? Your Honor, I don't know. I'm just. No, it's. I'm just, you know, I just find it. I understand. It is a sympathetic case. The problem here is, here he's convicted for a simple, a simple crime of possession. I understand. And look what the consequences. I'm sorry to, you know, I realize you're not the Attorney General, but it is extremely, you know, it's just a tragedy. But this, I think the Court has recognized in its case law, both in Lujan and in Chavez-Perez, that while there are these unfortunate results, the law as it stands is that because the conviction has not been expunged, she does not qualify for the relief, the narrow relief that has been carved out. Well, a little cross-referral discretion. They could say, well, you know, let's wait. Let's see how he does and, you know, we can work with you. Well, I also submit that that could have happened earlier before the case had gotten to this point, as opposed to where now, just now there are motions apparently being filed to terminate parole. That could have happened earlier also. And I'll let it go at that. Okay. Is there anything further from the Court?  Thank you, Your Honor. Thank you very much. Thank you very much. Thank you, Kev. The case just argued will be submitted. The next case for...
judges: Reinhardt, Paez, Tallman